UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DONNIE PERKINS** | : | **CASE NO. 5:22-cv-04652** |
| **VERSUS** | : | **JUDGE S MAURICE HICKS, JR** |
| **SAFECO INSURANCE CO. OF OREGON** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by defendant Safeco Insurance Company of Oregon. Doc. 23. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

After careful consideration of this motion, the evidence submitted by defendant, and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED** and that plaintiff's claims be dismissed with prejudice.

### I.
#### BACKGROUND

The law firm McClenny Moseley & Associates, PLLC ("MMA") filed this suit on plaintiff's behalf, alleging that plaintiff's property was damaged by Hurricanes Laura and Delta in 2020 and that defendant provided a policy of insurance covering that damage. Doc. 1. Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 15. The Termination Order set an August 15, 2023, status conference

that plaintiff was ordered to attend in person. Attached to the Termination Order was a fillable form entitled "Motion to Dismiss Without Prejudice," Doc. 15, att. 1. The Termination Order contained the following instruction and reference to the form motion to dismiss:

> **ADDITIONAL NOTICE TO PLAINTIFF:** If you never intended for this lawsuit to be filed on your behalf or, for whatever reason, no longer wish to pursue your lawsuit, please complete the attached form entitled "Motion to Dismiss Without Prejudice." Please follow the instructions on the form carefully. Unless and until you receive notice that the motion has been granted or if you receive notice that the motion has been denied, your case remains active, and you remain responsible for representing yourself as outlined above. If you are concerned about the consequences of signing this document, we suggest you consult with an attorney.

Doc. 15, p. 4. Plaintiff filed a properly completed and witnessed form motion to dismiss. The status conference was terminated and Report and Recommendation that the motion be granted and the case dismissed without prejudice was issued. Doc. 17.

Defendant objected to the Report and Recommendation because it wished to seek dismissal with prejudice through a motion for summary judgment. Doc. 21. Defendant then filed the motion for summary judgment currently before the court. Doc. 23. The court set a deadline for plaintiff to respond to the motion, but he failed to do so. Docs. 24, 25. The court then recommended the motion be denied due to lack of evidentiary support. Doc. 27. Defendant objected to the Report and Recommendation [doc. 27] and sought leave to supplement the Motion for Summary Judgment. Docs. 28, 29. The district judge granted the motion for leave to supplement and referred the Motion for Summary Judgment to the undersigned for further review and recommendation. Doc. 32.

## II.
### ANALYSIS

### A. *Defendant's Motion for Summary Judgment*

In support of its motion for summary judgment, defendant provides the declaration of Temple Fournier, a Senior Personal Lines Underwriting Manager with Liberty Mutual Insurance

Company, who states under oath that she has knowledge of the insurance policies issued by Liberty Mutual and its underwriting companies, including defendant. Doc. 33.  She further attests that she has reviewed defendant's records and defendant had no homeowner's policy in effect for plaintiff individually or the property that is the subject of this lawsuit at the time of Hurricane Laura or Hurricane Delta. *Id.*  Temple Fournier further affirms that defendant's business records show defendant began insuring plaintiff and the property central to this matter on November 11, 2020.  *Id.*  Accordingly, defendant requests that the court issue summary judgment dismissing all claims against it.

### 1. *Summary Judgment Standard*

A court shall grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).  A genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).  The court must deny the motion for summary judgment if the movant fails to meet this burden. *Tubacex*, 45 F.3d at 954.  The moving party can meet its summary judgment burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

If the movant makes this showing, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986) (quotation marks omitted).  "[A] plaintiff cannot

establish a genuine issue of material fact by resting on the mere allegations of its pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). Instead, the nonmovant must submit "significant probative evidence" in support of her claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (internal citations omitted). The court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

### 2. *Summary Judgment Where Plaintiff has Produced no Policy of Insurance*

"The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment." *Dixon v. Direct Gen. Ins. Co. of La.*, 12 So. 3d 357, 360 (La. App. 1 Cir. 3/27/09). "A plaintiff suing on an insurance contract has the burden of establishing the existence of the policy . . . and its terms and provisions." *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 610 (M.D. La. 2016) (alteration original).

Plaintiff is unrepresented, so the court assesses this summary judgment motion with special care. Summary judgment may not be appropriate in all circumstances when plaintiff cannot meet the initial burden of proving the existence of a valid contract of insurance. Louisiana law allows for the possibility that a contract could be "destroyed, lost, or stolen[,]" and proved by alternate means. La. Civ. Code art. 1832. And summary judgment on the existence of an insurance policy could be premature in the context of complex litigation where the coverage provided by known policies is the subject of debate. *See, e.g.*, *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d at 610–11 (denying insurer's motion for summary judgment as premature where employee plaintiff

-4-

referenced no policy and insurer attested that it had not issued a policy covering the plant, but plant owner sought more time for discovery on the issue of coverage).

The simplicity of the coverage issue here, however, convinces the court summary judgment is appropriate in this case because there is just no indication that this defendant issued a relevant policy of insurance. Temple Fournier's sworn declaration attests that, in fact, defendant provided no coverage to plaintiff or the property on the relevant dates. Doc. 33. Plaintiff has not produced a policy of insurance that was in effect at the time of the hurricanes, nor has he provided other evidence to counter defendant's position. Thus, via sworn declaration, defendant has borne the initial burden of showing it issued no policy of insurance covering this plaintiff or property at the time of the hurricanes, and plaintiff has not satisfied the burden of showing that a genuine issue of material fact exists on that issue.

The court provided plaintiff ample time and opportunity to provide the policy of insurance for the relevant period or argue why defendant could be liable for the damages described in the complaint. Plaintiff has done neither. Because plaintiff has not responded to the motion or presented evidence to the court, he has failed to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation marks omitted). The court therefore recommends defendant's motion for summary judgment be granted.

## IV.
### Conclusion

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment [doc. 23] be **GRANTED,** and that this matter and all of plaintiff's claims against Safeco Insurance Company of Oregon be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file

written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of March, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE